**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **AMANDA HERNANDEZ** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 5:26-cv-03527-MA** |
| | § | |
| **SERCO INC.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**JOINT DISCOVERY/CASE MANAGEMENT PLAN**
**UNDER FRCP 26(f)**

COMES NOW, Plaintiff Amanda Hernandez ("Plaintiff") and Defendant Serco Inc. ("Defendant") (collectively, the "Parties"), by and through their counsel of record, submit this Joint Discovery/Case Management Plan Under Rule 26(f) of the Federal Rules of Civil Procedure as follows:

**1. State when and in what manner the parties conferred as required by Rule 26(f), and identify the counsel and/or parties who participated in the conference.**

The Parties conducted their Rule 26(f) Conference via Zoom teleconference on August 7, 2026. In attendance were Christopher J. McKinney, counsel for Plaintiff Amanda Hernandez and David M. Strachan, counsel for Defendant Serco Inc.

**2. State whether each party represents that it has made the initial disclosures required by FRCP 26(a). If not, describe the arrangements that have been made to complete such disclosures.**

In light of Defendant's pending Motion to Dismiss which would significantly narrow the scope of discovery if granted, ECF Nos. 12–14, the Parties propose exchanging initial disclosures 21 days after the Court rules Defendant's Rule 12 motion and request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**3. List by case number and court any cases related to this one that are pending in any state or federal court and describe how they are related.**

Plaintiff Amanda Hernandez initiated this action, captioned *Amanda Hernandez v. Serco Inc.*, in the 37th Judicial District Court, Bexar County, Texas on April 29, 2026. The District Court designated Plaintiff's action as Cause No. 2026CI0907 before Defendant removed this matter to this Honorable Court on June 1, 2026.

**4. Briefly describe what this case is about.**

In her First Amended Complaint, Plaintiff alleges that she was employed by Defendant as a Program Manager of the San Antonio HERO program, from April 2021 until June 24, 2025. *See* ECF No. 8 at ¶¶ 10; 27. Pursuant to Title VII and Chapter 21 of the Texas Labor Code, she claims that Defendant unlawfully discriminated, retaliated, and harassed against her on the basis of her sex at various times during her employment as well as when it decided to terminate her employment on June 24, 2025. *Id*. at ¶¶ 12–40. Defendant denies these allegations and asserts that Plaintiff's claims (except her claim for discriminatory discharge) should be dismissed, as outlined in Defendant's pending Motion to Dismiss (ECF Nos. 12; 14) because she: (a) failed to demonstrate that she exhausted her administrative remedies as to her sex-based retaliation claims and/or (b) plausibly alleged discrimination, retaliation, and harassment claims under Title VII and Chapter 21. Defendant reserves the right to assert additional defenses to Plaintiff's claims after the Court rules on its Motion to Dismiss.

**5. Specify the allegation of federal jurisdiction.**

As stated within Defendant's Notice of Removal, the Court's subject-matter jurisdiction is based on both federal question and diversity-based jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1441, and 1446. See ECF No. 1.

**6. Name the parties who disagree with the jurisdictional allegations and state their reasons.**

No party contests the Court's exercise of jurisdiction in this matter.

**7. List anticipated additional parties that should be included, when they can be added, and which party desires their inclusion.**

None.

**8. List anticipated interventions.**

None.

**9. Describe any class–action issues.**

None.

**10. Describe the discovery plan proposed by the parties, including:**

**A. What changes should be made in the timing, form or requirement for disclosures under Rule 26(a);**

In light of Defendant's pending Motion to Dismiss which would significantly narrow the scope of discovery if granted, ECF Nos. 12–14, the Parties propose exchanging initial disclosures 14 days after the Court rules Defendant's Rule 12 motion.

**B. When and to whom the plaintiff anticipates it may send interrogatories;**

In light of Defendant's pending Motion to Dismiss which would significantly narrow the scope of discovery if granted, ECF Nos. 12–14, Plaintiff anticipates sending initial interrogatories to Defendant within 60 days of the Court's ruling on Defendant's Rule 12 motion. The Parties request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**C. When and to whom the defendant anticipates it may send interrogatories;**

In light of Defendant's pending Motion to Dismiss which would significantly narrow the scope of discovery if granted, ECF Nos. 12–14, Defendant anticipates sending initial interrogatories to Plaintiff within 60 days of the Court's ruling on Defendant's Rule 12 motion. The Parties request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**D. Of whom and by when the plaintiff anticipates taking oral depositions;**

Plaintiff anticipates taking oral depositions of Defendant and any other individual identified by Defendant as a person with knowledge of relevant facts, including any expert designated by Defendant in this matter, during any discovery period agreed to by the parties and/or ordered by the Court. The Parties request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**E. Of whom and by when the defendant anticipates taking oral depositions;**

Defendant anticipates taking oral depositions of Plaintiff and any other individual identified by Plaintiff as a person with knowledge of relevant facts, including any expert designated by Plaintiff in this matter, during any discovery period agreed to by the parties and/or ordered by the Court. The Parties request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a)(2)(B), and when the opposing party will be able to designate responsive experts and provide their reports;**

Plaintiff anticipates designating her experts and providing their reports within 210 days from the Court's ruling on Defendant's Rule 12 motion. Defendant anticipates designating its experts and providing their reports within 240 days from the Court's ruling on Defendant's

pending Motion to Dismiss. The Parties request that discovery be stayed until the Court's ruling on Defendant's Rule 12 motion.

**G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report);**

No party has designated experts at this time. To the extent Defendant properly designates any expert, Plaintiff anticipates deposing any such expert who is subject to deposition pursuant to Federal Rule of Civil Procedure 26 within the time frame for expert discovery agreed to be the parties and/or ordered by the Court.

**H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule26(a)(2)(B) (export report); and**

No party has designated experts at this time. To the extent Plaintiff properly designates any expert, Defendant anticipates deposing any such expert who is subject to deposition pursuant to Federal Rule of Civil Procedure 26 within the time frame for expert discovery agreed to be the parties and/or ordered by the Court.

**I. All other matters raised in Rule 26(f).**

None.

**11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

Not applicable.

**12. Specify the discovery beyond initial disclosures that has been undertaken to date.**

None.

**13. State the date the planned discovery can reasonably be completed.**

The Parties anticipate that discovery can be reasonably be completed within 270 days from the Court's ruling on Defendant's Rule 12 motion. The Parties request that discovery be stayed until the Court rules on Defendant's Rule 12 motion which would significantly narrow the scope of discovery and Plaintiff's claims, if granted.

**14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

Given Defendant's pending Motion to Dismiss, which would significantly narrow the scope of Plaintiff's claims, if granted, the Parties do not believe settlement or resolution is possible at this stage. The Parties agreed to revisit settlement or resolution of the case after the exchange of initial disclosures and/or written discovery.

**15. Describe what each party has done or agreed to do to bring about a prompt resolution.**

After the Court rules on Defendant's pending Motion to Dismiss, the Parties anticipate needing to conduct some discovery prior to considering the possibility of mediation or settlement discussions.

**16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable, and state when such a technique may be effectively used in this case.**

After the Court rules on Defendant's pending Motion to Dismiss, the Parties believe that mediation may be effective at a later date if the Parties are unsuccessful in reaching resolution on their own.

**17. State whether a jury demand has been made and if it was made on time.**

Plaintiff made a timely jury demand filed concurrently with her Petition filed in state court. See ECF 1-1 at ¶ 47.

**18. Specify the number of hours it will take to present the evidence in this case.**

At this time, the Parties anticipate it will take approximately 32 hours to present evidence in this case.

**19. List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

Defendant's Partial Motion to Dismiss Plaintiff's First Amended Complaint. *See* ECF Nos. 12; 14.

**20. List other motions pending.**

None at the time of this filing.

**21. Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

In light of Defendant's pending Motion to Dismiss which would significantly narrow the scope of discovery if granted, ECF Nos. 12–14, the Parties propose entering a Scheduling Order, which uses as a triggering event the date the Court rules on Defendant's Rule 12 motion, and clarifying that the specific deadlines stated within the Scheduling Order are in effect following the Court's ruling. Approaching scheduling in this manner will allow the Parties to avoid incurring unnecessary fees and expenses in the event Defendant's Rule 12 motion is granted.

**22. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing the date of filing for the original and any amendments.**

Defendant filed its Disclosures of Interested Parties on August 12, 2026 and Plaintiff filed hers on August 13, 2026.

**23. List the names, bar numbers, addresses, and telephone numbers of all counsel.**

*Counsel for Plaintiff:*

Christopher J. McKinney
State Bar No. 00795516
The McKinney Law Firm, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
Telephone: 210.832.0932
Facsimile: 210.568.4101

*Counsel for Defendant:*

Katie Blakey
Texas Bar No. 24111394
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

David M. Strachan
Texas Bar No. 24135515
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

Dated: August 13, 2026

Respectfully Submitted,

*/s/ Christopher J. McKinney (with permission)*
Christopher J. McKinney
State Bar No. 00795516
The McKinney Law Firm, P.C.
21022 Gathering Oak
San Antonio, Texas 78260
chris@themckinneylawfirm.com

ATTORNEY FOR PLAINTIFF
AMANDA HERNANDEZ

*/s/ David S. Strachan*
Katie Blakey
Texas Bar No. 24111394
kblakey@littler.com
LITTLER MENDELSON, P.C.
2001 Ross Avenue, Suite 1500
Dallas, Texas 75201-2931
Telephone: 214.880.8100
Facsimile: 214.880.0181

David M. Strachan
Texas Bar No. 24135515
dstrachan@littler.com
LITTLER MENDELSON, P.C.
100 Congress Avenue, Suite 1400
Austin, Texas 78701
Telephone: 512.982.7250
Facsimile: 512.982.7248

ATTORNEYS FOR DEFENDANT
SERCO INC.